**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *N. Miller* | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>LINDSAY STURM and SEAN STURM<br><br>Debtors. | Chapter 7 Bankruptcy<br>Case No. 25-01022-lmj7 |
| SOUTH STORY BANK & TRUST<br><br>Plaintiff,<br><br>vs.<br><br>LINDSAY STURM and SEAN STURM<br><br>Defendants. | Adversary Case No. _____<br><br><br>**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT** |

COMES NOW South Story Bank & Trust ("Plaintiff"), by and through its counsel, and in support of this Complaint respectfully states:

I.　　JURISDICTION , PARTIES, AND VENUE

1. On June 16, 2025, Lindsay Sturm and Sean Sturm ("Debtors") filed a voluntary Chapter 7 Petition in this Court.

2. Charles Smith is the duly appointed Trustee of Debtors' bankruptcy estate.

3. The Plaintiff is a creditor of the Debtors.

4. This Court has subject matter jurisdiction in this Complaint pursuant to 28 U.S.C.§1334. This Court's subject matter jurisdiction is further augmented by a General Reference Order issued by the United States District Court.

5. Venue of this Complaint is proper in this Court by operation of 28 U.S.C.§1409(a).

6. This is a core proceeding by operation of 28 U.S.C.§157(b)(2)(l).

1

## II. FACTS

7. On September 2, 2021, for consideration received, Sturm Cosmetic Surgery, P.C., a professional corporation ("SCS") owned 100% by Lindsay Sturm, executed a Promissory Note in favor of Plaintiff in the principal amount of $1,150,000.00 ("Note"), a copy of which is attached hereto as **Exhibit A**. The Note superseded and replaced a prior Promissory Note executed by SCS in favor of Plaintiff on February 5, 2019 in the principal amount of $400,000.00 ("Prior Note"), a copy of which is attached hereto as **Exhibit B.**

8. On February 5, 2019, SCS executed a Commercial Security Agreement in favor of Plaintiff ("Security Agreement"), a copy of which is attached hereto as **Exhibit C**, wherein, among other things, SCS granted Plaintiff a security interest in all of SCS' inventory, equipment, accounts, deposit accounts, furniture, fixtures and supplies. The Security Agreement contained a Future Advances clause which provided that all future advances made by Plaintiff to SCS were also secured. The Security Agreement states, under the caption Transactions Involving Collateral:

> "Except for inventory sold or accounts collected in the ordinary course of Grantor's business, or as otherwise provided for in this Agreement, Grantor shall not sell, or otherwise transfer or dispose of the Collateral…Unless waived by Lender, all proceeds from any disposition of the Collateral (for whatever reason) shall be held in trust for Lender and shall not be comingled with any other funds; provided however, this requirement shall not constitute consent by Lender to any sale or other disposition. Upon receipt, Grantor shall immediately deliver any such proceeds to Lender."

9. On February 5, 2019, Lindsay Sturm executed a Commercial Guaranty ("Lindsay's Guaranty") in favor of Plaintiff, a copy of which is attached hereto as **Exhibit D**, wherein she fully and unconditionally guaranteed payment of all indebtedness owing by SCS to Plaintiff.

2

10. On February 5, 2019, Sean Sturm executed a Commercial Guaranty ("Sean's First Guaranty") in favor of Plaintiff, a copy of which is attached hereto as **Exhibit E**, wherein he fully and unconditionally guaranteed payment of all indebtedness owing by SCS to Plaintiff.

11. On August 4, 2022, SCS and Plaintiff executed a Change In Terms Agreement (CIT-1), a copy of which is attached hereto as **Exhibit F,** wherein the maximum credit available to SCS under the Note was increased from $1,150,000.00 to $1,435,000.00 and the maturity date was extended from September 2, 2022 to December 3, 2022. On December 20, 2022, SCS and Plaintiff executed a Change In Terms Agreement ("CIT-2"), a copy of which is attached hereto as **Exhibit G**, wherein the maturity date was extended from December 3, 2022 to February 3, 2023. On March 3, 2023, SCS and Plaintiff executed a Change In Terms Agreement ("CIT-3"), a copy of which is attached hereto as **Exhibit H**, wherein the maturity date was extended from February 3, 2023 to May 3, 2023. On June 28, 2023, SCS and Plaintiff executed a Change In Terms Agreement ("CIT-4"), a copy of which is attached hereto as **Exhibit I**, wherein the maturity date was extended from May 3, 2023 to August 3, 2023. On August 10, 2023, SCS and Plaintiff executed a Change In Terms Agreement ("CIT-5"), a copy of which is attached hereto as **Exhibit J**, wherein the maturity date was extended from August 3, 2023 to August 3, 2030.

12. On August 10, 2023, Sean Sturm executed a Commercial Guaranty ("Sean's Second Guaranty") in favor of Plaintiff, a copy of which is attached hereto as **Exhibit K**, wherein he fully and unconditionally guaranteed payment of all indebtedness owing by SCS to Plaintiff.

13. On or about February 9, 2025, SCS stopped doing business.

14. On March 25, 2025, Plaintiff sent SCS (and Lindsay and Sean as Guarantors) a Notice of Default, a copy of which is attached hereto as **Exhibit L**, wherein, among other things, Plaintiff advised SCS, Lindsay and Sean that it did not consent to the sale of any of the equipment or other collateral, and demanded that the proceeds from any collateral be immediately turned over to Plaintiff.

15. On April 24, 2025, Plaintiff, through its attorney, sent SCS, Lindsay and Sean a Notice of Acceleration of Debt, a copy of which is attached hereto as **Exhibit M**, wherein, among other things, Plaintiff restated that it did not consent to the sale of any of the equipment or other collateral, and demanded that the proceeds of any collateral sold be immediately turned over to Plaintiff.

16. Notwithstanding the mandate in the Security Agreement prohibiting the sale of Plaintiff's collateral outside of SCS's ordinary course of business, and the requirement that the proceeds of any such collateral sold be immediately turned over to Plaintiff, which mandate and requirement were reiterated in Plaintiff's letters to SCS and Guarantors dated March 25, 2025 (**Exhibit L**) and April 24, 2024 (**Exhibit M**), SCS and Guarantors have admitted, through their attorney's letter dated July 25, 2025, a copy of which is attached hereto as **Exhibit N**, that the following collateralized items were sold and the proceeds were given to other parties:

| 02/27/2025 | Diamond glow facial machine | $9,500 |
| 02/27/2025 | Skincare/medical spa products (botox/fillers) | $6,193 |
| 03/11/2025 | Surgical Supplies | $4,223 |
| 03/12/2025 | Skincare/medical spa products (botox/fillers) | $4,740 |
| 03/31/2025 | Visia facial scanner | $12,500 |
| 03/31/2025 | Medical spa/skincare products (botox/fillers) | $4,887 |
| 04/04/2025 | Surgical supplies | $5,087.82 |
| 05/05/2025 | CO2 laser | $27,000 |
| | **TOTAL** | **$55,437.82** |

4

17. 11 U.S.C. §523(a)(6) provides in relevant part "(a) A discharge under section 727…of this title does not discharge an individual debtor from any debt… (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

18. On July 16, 2025, Plaintiff filed a Proof of Claim in Debtors' bankruptcy case showing that on the date of bankruptcy (June 16, 2025), SCS, and Debtors by virtue of their Guaranties, owed Plaintiff $1,186,649.42, $75,000 of which is estimated to be secured by the collateral remaining, and the balance of which is deemed to be unsecured. A copy of the Proof of Claim (without Exhibits) is attached hereto as **Exhibit O.**

### III.    OBJECTION TO DISCHARGE OF DEBT

19. Guarantors, acting on behalf of SCS, and for benefit of themselves, willfully and maliciously sold Plaintiff's collateral and failed to turn the $55,437.82 of proceeds therefrom over to Plaintiff. Accordingly, for the reasons stated by this Court in Earlham Savings Bank v. Morrell (In re Morrell), No. 10-05431, (Bankr. S.D. Iowa March 28, 2014), Plaintiff alleges that at least $55,437.82 of Debtors' guaranteed indebtedness owing to Plaintiff should be excepted from discharge under §523(a)(6).

20. "A debtor acting on behalf of a corporation, who actively converts property or commits any other tort giving rise to a nondischargeable debt under §523 is personally responsible to the injured party and the debt is nondischargeable under §523." See Kraus Anderson Capital, Inc. v. Dean R. Bradley, 14 Fed App. 0001 (6th Cir. BAP, 3-26-2014, footnote 2) and cases cited therein.

### IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter and enroll an Order granting the Plaintiff the following relief:

    A.    Decreeing that $55,437.82 of the indebtedness owing by Guarantors under their Guaranties is nondischargeable pursuant to §523(a)(6).

B.  Decreeing that any and all other sales or transfers of Plaintiff's collateral out of the ordinary course of business, for which the proceeds therefrom were not turned over to Plaintiff, be deemed nondischargeable pursuant to §523(a)(6).

C.  Decreeing that Plaintiff be awarded its reasonable attorney's fees incurred in objecting to Debtor's willful and malicious actions. See <u>Kruse, et al. v. Weller (In re Weller)</u>, No. 22-00173 (Bankr. S.D. Iowa March 6, 2023).

D.  Such other relief as may be just and proper under the premises.

Respectfully Submitted,

SOUTH STORY BANK & TRUST, Plaintiff

By:  */s/ Nicholas F. Miller*
     */s/ Thomas L. Flynn*
     Nicholas F. Miller
     Thomas L. Flynn
     6701 Westown Parkway, Suite 100
     West Des Moines, Iowa 50266
     515-446-3441 Telephone
     515-274-1488 Facsimile
     nick.miller@brickgentrylaw.com
     tom.flynn@brickgentrylaw.com