FORM 104 (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Charles L. Smith, Chapter 7 Trustee | **DEFENDANTS** <br> Noon Capital, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Charles Smith, Telpner Peterson Law Firm, LLP, 25 Main Place, Suite 200, Council Bluffs, IA 51503; (712) 325-9000 | **ATTORNEYS** (If Known) <br> Bradley R. Kruse, Dickinson Bradshaw, 801 Grand Ave., Ste. 3700, Des Moines, IA 50309 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This Court has jurisdiction of this matter pursuant to 28 U.S.C. Sec. 157 and 1334, 11 U.S.C. Sec. 542, 547, 550, 551, and F.R.B.P. 7001. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Lindsay Sturm and Sean Sturm | | BANKRUPTCY CASE NO. 25-01022-lmj7 |
| DISTRICT IN WHICH CASE IS PENDING  Southern District | DIVISIONAL OFFICE | NAME OF JUDGE  Lee M. Jackwig |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature]* | | |
| DATE  September 11, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Charles L. Smith, Trustee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: )<br>)<br>LINDSAY STURM AND SEAN STURM )<br>Debtors. )<br>_____ )<br>)<br>CHARLES SMITH, Trustee )<br>Plaintiff, )<br>vs. )<br>)<br>NOON CAPITAL, LLC )<br>Defendants. )<br>_____ ) | BANKRUPTCY NO. 25-01022-lmj7<br>ADV. PROCEEDING NO.<br><br><br>COMPLAINT |

COMES NOW, Charles Smith, Plaintiff/Trustee herein ("Trustee") by and through his counsel, and for this Complaint respectfully states as follows:

## COUNT I.

### JURISDICTION, VENUE AND COMMON ALLEGATIONS

1.  This Court has jurisdiction of this matter pursuant to 28 U.S.C. Sec. 157 and 1334, 11 U.S.C. Sec. 542, 547, 550, 551, and F.R.B.P. 7001. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Venue is proper in this adversary proceeding pursuant to 28 U.S.C. § 1409.

2.  On June 14, 2025, Lindsay Sturm and Sean Sturm (hereinafter referred to as "Debtors") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code (the "Petition").

3.  The Trustee was appointed Trustee in the Debtor's case on June 16, 2025, and continues to serve in that capacity.

4.  Noon Capital, LLC ("Noon Capital") is a Florida limited liability company.

5. Ames MOB, LLC ("Ames MOB") is an Iowa limited liability company.

6. Noon Capital made two initial loans to Lindsay Sturm.

7. The first promissory note was executed by Lindsay Sturm, as borrower, payable to Noon Capital, as lender, in the principal amount of $302,002.90 dated September 2, 2021 ("Note One").

8. The second promissory note was executed by Lindsay Sturm, as borrower, payable to Noon Capital, as lender, in the principal amount of $51,584.40 dated July 31, 2022 ("Note Two").

9. On March 10, 2023, Lindsay Sturm and Noon Capital executed an Amended and Restated Pledge and Security Agreement (the "Amended and Restated Pledge"). (Exhibit A)

10. The Amended and Restated Pledge terminated and replaced the "existing Pledge and Security" in addition to amending and restating Note One and Note Two, along with additional capital into the Amended and Restated Promissory Note.

11. The Amended and Restated Pledge assigned and transferred all of Lindsay Sturm's right, title, and interest in Ames MOB to Noon Capital.

12. However, the Amended and Restated Pledge did not transfer absolute title in Ames MOB from Lindsay Sturm to Noon Capital.

13. The Amended and Restated Pledge was security for Lindsay Sturm's indebtedness to Noon Capital.

14. Under the Amended and Restated Pledge, any and all distributions of Ames MOB to Lindsay Sturm were to be paid directly to Noon Capital until the debt is paid in full.

2

15. Upon payment of the debt in full, Noon Capital is directed to execute and deliver termination statements to Lindsay Sturm.

16. Additionally, the Amended and Restated Pledge gave Noon Capital the right to exercise all rights in regards to Ames MOB without limitation on conversion, exchange, subscription, or other rights, privileges, or options upon the occurrence of a default "*as if Secured Party (Noon Capital) were the absolute owner thereof.*"

17. On May 19, 2025, Noon Capital filed a UCC Financing Statement to perfect the Amended and Restated Pledge within 90 days of filing the Petition. (Exhibit B)

18. The action of Noon Capital filing a UCC Financing Statement further demonstrates that the Amended and Restated Pledge is a pledge rather than an assignment.

## COUNT II.

### PREFERENCE PAYMENT
### PURSUANT TO 11 U.S.C. SEC. 547

19. Trustee incorporates paragraphs 1 – 18 of the Complaint as part of this Count.

20. The transfers itemized in paragraph 9 – 17 constitutes a preferential transfer ("Transfer").

21. The Transfer was to or for the benefit of Defendant as a creditor.

22. The Transfer was for or on account of an antecedent debt owed by Lindsay Sturm before the transfer was made.

23. The Transfer occurred while Debtors were insolvent.

24. The aforesaid Transfer occurred within ninety days (90) of the filing of the Petition.

25. The Transfer enabled Defendant to receive more than it would have received if the case were a case under Chapter 7, the Transfer had not been made, and Defendant received payment of such debt to the extent provided by the provisions of Title 11.

26. The Transfer is avoidable by the Trustee pursuant to 11 U.S.C. §§ 547 and 550 and the value thereof should be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

27. The aforesaid Transfer constitutes a preference and may be avoided pursuant to the provisions of 11 U.S.C. §§ 547, 550, and 551.

WHEREFORE, Trustee prays that this Court enter an Order avoiding the aforesaid preference, and order Defendant to immediately turn over to the Trustee the above-described property so transferred as described herein, or its reasonable value, and for such costs incurred herein, and, for such other and further relief as the Court deems just and proper.

## COUNT III.

### TURNOVER

28. The Trustee incorporates paragraphs 1 – 18 of Count I as part of this Count.

29. Pursuant to the Trustee's rights under 11 U.S.C. Sec. 542, he alleges that the aforesaid assets constitute property of the estate and should be turned over to the Trustee.

4

WHEREFORE, the Trustee prays that this Court enter an Order directing Defendant to immediately turn over the above-described property to the Trustee, or for an accounting of such property or its value and damages for the detention of same; and, for such other and further relief as the Court deems just and proper.

/s/ Charles Smith
Charles Smith, Trustee, AT0007415
Emily J. Dean, AT0016069
Telpner Peterson Law Firm
25 Main Place, Suite 200
Council Bluffs, IA  51503
Telephone:  (712) 325-9000
Facsimile:   (712) 328-1946
Email: csmith@telpnerlaw.com
        edean@telpnerlaw.com